## CURRY COUNTY BOARD OF EQUALIZA-
## TION *v.* STATE TAX COMMISSION

Mr. Robert L. Miller, District Attorney for Curry County argued cause for plaintiffs; taxpayers represented by Edward Branchfield, Medford, Oregon.

Mr. Alfred B. Thomas, Assistant Attorney General, Salem, argued cause for defendant.

Decision for plaintiff rendered November 23, 1966.

EDWARD H. HOWELL, Judge.

The above cases, which were consolidated for trial, involve the true cash valuation of certain land in Curry County for the tax year 1965-66.

Thomas G. Staley is the owner of two parcels of land fronting on the Rogue River in Curry County. One parcel, known as the Payton Place, consists of 93.09 acres, and the other, known as the Clay Hill Place, consists of 25.38 acres.

For the tax year 1965-66 the Curry County Assessor valued the Payton Place at $33,580 and the

Clay Hill property at $21,760. The taxpayer appealed to the defendant commission. According to the opinion and order of the commission the taxpayer contended for a true cash value of $7,064 for the Payton Place and $7,936 for the Clay Hill property. The commission considered both parcels to be primarily forest land and that they should be valued pursuant to ORS 321.620(3), which states in part:

> "The true cash value of forest land shall be determined under ORS 308.205, except that so long as the primary use of the area involved remains forest land it shall be valued as such  *  *  *."

The following is a summary of the values for the different classifications of land in each parcel as determined by the Tax Commission:

*Payton Place:*

| Class of land | Amount of acres | Price per acre | Total |
|---|---|---|---|
| Forest land | 78.09 | $10.00 | $ 781.00 |
| Bench land | 7.00 | 59.00 | 413.00 |
| Class VII rangeland | 8.00 | 75.00 | 600.00 |
| | | | $1,794.00 |

*Clay Hill Place:*

| Class of land | Amount of acres | Price per acre | Total |
|---|---|---|---|
| Forest land | 23.38 | 10.00 | 234.00 |
| Waste land | 2.00 | 2.50 | 5.00 |
| | | | $ 239.00 |

After the tax commission determined the values as set forth above, the Curry County Board of Equalization filed an appeal with this court. Subsequently Mr. Staley, pursuant to ORS 306.545(3), appeared and filed an answer to the board of equalization's complaint. The board of equalization, the tax commission and Mr. Staley all appeared and were represented by counsel at the trial in this court. At the

trial the county assessor testified to values which were lower than those originally determined by him. The reduction was based primarily on a recomputation of available river frontage from some 2,600 feet to approximately 1,500 feet on each parcel.

■■ It is beyond dispute that a substantial portion of the worth of this property is based upon its recreational value because of its location on the Rogue River, one of the most publicized fishing and scenic streams in the United States. Private land on this stream is very scarce and most of the area belongs to the United States. The recreational feature apparently was not considered by the defendant in its determination of value. A portion of both places should not be classified as primarily timberland and an added increment to the values should be considered because of the recreational value of the river frontage.

Mr. Staley, who resides in Jackson County, is a capable and intelligent businessman and familiar with the Rogue River area. He testified that he purchased the Payton Place for $20,000 approximately six years ago and that he paid $1,500 for the Clay Hill place in 1942. It is true that neither place is accessible by road and that the boat landing sites are limited by the terrain, and in some instances, the current of the river. However, this does not appear to be a great detriment because cabins have been built on both places. In many respects the lack of road facilities would appeal to persons interested in scenic, isolated areas like parts of the Rogue River.

The following are my determinations of value for the two parcels involved in this suit. (These are generally the same as determined by the assessor at the trial in this court except that timberland is valued at $10.00 per acre as found by the tax commission

and not at $25.00 per acre as found by the assessor and the court is eliminating any house site development.)

### Payton Place—93.09 acres

| | |
|---|---|
| 7.00 acres bench land at $59.00 per acre | $ 413.00 |
| 8.00 acres range land at $75.00 per acre | 600.00 |
| 78.09 acres forest land at $10.00 per acre | 780.90 |
| | $ 1,793.90 |
| 1600 feet river frontage at $8.00 per foot | 12,800.00 |
| Total | $14,593.90 |

### Clay Hill Place—25.38 acres

| | |
|---|---|
| 6.00 acres open hillside at $85.00 per acre | $ 510.00 |
| 8.00 acres forest land at $10.00 per acre | 80.00 |
| 11.38 acres waste land at $2.50 per acre | 28.45 |
| | $ 618.45 |
| 1500 feet river frontage at $8.00 per foot | 12,000.00 |
| | $12,618.45 |

No costs are allowed.